Pauline M. MINTON, Appellant,

v.

RIVERSIDE STATE BANK, Appellee.

No. 16687.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 21, 1966.

Rehearing Denied Feb. 18, 1966.

Marvin Jones, and W. Newton Barnes, Dallas, for appellant.

Campbell & Campbell, and William D. Campbell, Forth Worth, for appellee.

LANGDON, Justice.

This is a suit on a note.

On February 28, 1964, M. L. Gray negotiated a Ten Thousand Five Hundred Dollar ($10,500.00) loan from the appellee, Riverside State Bank, and executed a note payable to it or order, dated February 28, 1964, due 120 days after date. The Bank then issued a $10,000.00 cashier's check payable to A. B. Cass and Frank Malone and delivered $500.00 cash to Gray. The loan was made on the written guaranty of one, Ed Baker, with assurances by Gray and Baker that the money would be used in a real estate transaction.

On March 17, 1964, the appellant, Pauline M. Minton, and Gray appeared at the Bank with the $10,000.00 check payable to Malone and Cass, which Gray could not and did not cash. They explained to an officer of the Bank that the real estate transaction in which Gray was originally involved and for which he borrowed the money on February 28, 1964, had not materialized. That the appellant and Gray had another and different deal working and they wanted to get the $10,000.00. The appellant offered to sign the note with Gray and be responsible for its payment. The Bank refused the request at the time of the first visit. After the appellant and Gray contacted the guarantor, Baker, and the Bank received information relative to the appellant's financial responsibility, it agreed to accept return of the original $10,000.00 cashier's check payable to Malone and Cass. After the appellant, pursuant to her promise, signed the note as a maker, the appellee, at the suggestion and request of appellant and Gray, accepted return of the original check and issued two additional checks, each payable to Gray, one in the amount of $7,000.00 and the other for $3,000.00. No part of the note has been paid.

The appellee Bank then brought this suit against the appellant and M. L. Gray as co-makers of the note in the principal sum of $10,500.00. M. L. Gray, though duly cited, did not file an answer. A default judgment was entered as to him. Appellant, Pauline M. Minton, answered that she was not liable because she was an accommodation maker for the benefit of the Bank and there was no consideration for the execution of the note by her.

Trial was to the court. Judgment was rendered for the principal amount of the note, with interest and attorneys' fees. Appellant, Pauline M. Minton, alone perfected this appeal. At her request the court made and duly filed findings of fact and conclusions of law.

The appellant contends that the court erred in concluding that on March 17, 1964, (1) the original transaction was either reopened or a novation resulted from the action of the parties; (2) the Bank changed its position in permitting the money to be used for a different purpose by different people; (3) the parties were in the same

position as if a new loan and a new note had been executed and Mrs. Minton was signing as a maker; (4) defendant Gray's position was changed in that he was to receive the money instead of Malone and Cass and use it for another purpose; (5) Gray and Minton having borrowed the money are liable as principals; (6) by reason of Minton signing the note a consideration passed from the bank to her; from the bank to Gray and from Gray to Minton; (7) appellant failed to sustain a plea of no consideration for her signature on the note.

 In our opinion the findings and conclusions of the court are correct and have ample support in the record.

After leaving the bank on March 17, 1964, the appellant Minton received the $3,000.00 check endorsed by Gray and negotiated it through a Dallas bank. Upon receiving the check she gave Gray her business card, upon the back of which she wrote: "3/17/64 —Rec from M. L. Gray $3,000.00 cashiers check from Riverside State Bank $10,000.00 Bank loan, made by Gray & Minton—Pauline M. Minton."

Ordinarily it is immaterial from whom the consideration moves or to whom it moves. "Accordingly, it may be given by either the promisee or some other person to either the promisor or some other person. A payment of consideration to a third person, at the request of a party to the contract, is sufficient to support the agreement, though the party at whose request the payment is made receives no benefit therefrom." 13 Tex.Jur.2d 176, § 44.

"A valuable and sufficient consideration for a contract may consist of either a benefit to the promisor or a loss or detriment to the promisee. * * * Accordingly, it is not necessary that the promisor receive a benefit under the agreement. On the contrary, if the promisee parts with some legal right or sustains some legal injury as the inducement for the agreement, this will be sufficient. Conversely, in the absence of any legal detriment to the promisee, the consideration will still be sufficient if it appears that a benefit under the agreement will accrue to the promisor. However, where there is both a benefit to the promisor and a detriment or loss to the promisee, the sufficiency of the consideration obviously cannot be successfully attacked." 13 Tex.Jur.2d 178, § 46; see also 9 Tex.Jur. 2d 52, § 41.

All points of error are overruled and the judgment of the trial court is affirmed.