Bobby Wayne ROBERTS, Appellant,

v.

GEOSOURCE DRILLING SERVICES, INC., and Thomas J. Sturm, Appellees.

No. 01–87–00643–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 1988.

Rehearing Denied Sept. 29, 1988.

Ray McQuary, Houston, for appellant.

Richard L. Petronella, Dona E. Bolding, Houston, for appellees.

Before JACK SMITH, SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a summary judgment adjudicating an employment contract. In October, 1983, while an employee of Huthnance Drilling Company ("Huthnance"), appellant, Bobby Wayne Roberts, an oil drilling worker living in Louisiana, sought overseas employment with appellee, Geosource Drilling Services, Inc. ("Geosource"). An interview was arranged for October 3, 1983, in Houston, Texas, between Roberts and appellee, Thomas J. Sturm ("Sturm"), who hired personnel for Geosource, to determine whether Geosource would employ Roberts. Sturm found him to be suitably qualified and immediately so informed Roberts. Roberts was then sent to Geosource's doctor for a physical examination and to have his vaccinations updated. He filled out various employment-related forms, read and signed Geosource's Drilling Service Employment Agreement, hereinafter referred to as "the contract," and turned his passport over to Geosource.

Sturm was aware that Roberts was employed by Huthnance and was due to report back to work on October 4, 1983, for an offshore assignment. Sturm also executed the contract that Roberts had signed, and informed Roberts that he, Roberts, would be leaving from Monroe, Louisiana, for Peru, South America, on or about October 14, 1983. Roberts was further informed that he would be notified in three or four days about the flight number, time of departure, and how the tickets would be sent to him.

Relying upon Sturm's oral promises and the written contract, Roberts thereafter contacted Huthnance and terminated his employment with the company, informing his boss that he had another job. A few days later, Sturm contacted Roberts and told him that he was not going to be employed by Geosource after all, and that the

corporation had found someone better qualified to fill its position.

Roberts then filed suit against Geosource and Sturm seeking recovery for anticipatory breach, breach of a written employment contract, detrimental reliance upon oral and written representations, wrongful discharge, and fraud. Geosource and Sturm moved for and received the summary judgment from which this appeal is taken.

We first direct our attention to the appropriate standard of review in an appeal from a summary judgment. Where a defendant below has received a summary judgment in his favor, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but rather whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The burden of summary judgment proof is always on the movant, and all reasonable doubts about the existence of a genuine issue of material fact are resolved against him. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex. 1972). A defendant moving for summary judgment is similarly required to assume a negative burden to show that the plaintiff has no cause of action against him as a matter of law and that no material fact issues remain. *Garth Co. v. Jefferson County*, 587 S.W.2d 64, 65 (Tex.Civ.App.—Beaumont 1979, no writ).

Appellant urges in his second point of error that there was no evidence to support appellee's motion for summary judgment as to appellant's claim for breach of contract, detrimental reliance, wrongful discharge, and anticipatory breach. Appellant adds in his fourth point of error that the trial court erred in refusing to grant his motion for partial summary judgment on the issue of anticipatory breach of employment contract.

For the doctrine of "detrimental reliance" to be available, Roberts must show the existence of a promise "designedly made to influence the conduct of the promisee, tacitly encouraging the conduct, which conduct, although not necessarily constituting any actual performance of the contract itself, is something that must be done by the promisee before he could begin to perform, and was a fact known to the promisor." *Wheeler v. White,* 398 S.W.2d 93, 96 (Tex.1965); *see also Goodman v. Dicker*, 169 F.2d 684 (D.C.1948); 14 Tex.Jur.3d *Contracts* § 103 (1981); *cf. Prince v. Miller Brewing Co.*, 434 S.W.2d 232 (Tex.Civ. App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.) (and cases therein cited). We hold that Roberts has made this showing.

Perhaps more succinct is the Texas Supreme Court's recent formulation of the requisites of its doctrinal sibling, "promissory estoppel": (1) a promise, (2) the promisor's foreseeability of the promisee's reliance thereon, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983).

We have here the three elements of "promissory estoppel" articulated by the Texas Supreme Court in *English v. Fischer*: (1) Sturm's promise of employment; (2) Sturm's foreseeing Roberts' relying on his promise; and (3) Roberts' consequent quitting his job with Huthnance and preparing for an overseas job, at his expense and to his detriment. Sturm's undisputed oral promise clearly imposed a duty on Geosource to employ Roberts—but not for a fixed duration—and that duty was breached by Geosource. It is no answer that the parties' written contract was for an employment-at-will, where the employer foreseeably and intentionally induces the prospective employee to materially change his position to his expense and detriment, and then repudiates its obligations before the written contract begins to operate.

If the appellant/promisee acts to his detriment in reliance upon the promise of employment, or parts with some legal right or sustains some legal injury as the inducement for the employment agreement, we hold that there is sufficient consideration to bind the employer/promisor to its promise. *See Henson v. Grayford Oil Corp.*,

549 S.W.2d 7 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Minton v. Riverside State Bank*, 399 S.W.2d 196 (Tex.Civ.App. —Fort Worth 1966, no writ).

Appellees have failed to prove that there is no genuine issue of material fact or that they are entitled to judgment as a matter of law. We conclude that appellant Roberts has, in his claim of detrimental reliance upon Geosource's promise of employment, raised genuine issues of material fact, which should have precluded appellees' receiving their summary judgment. Appellant's second point of error is sustained.

Appellant's fourth point of error asserting that the trial court erred in refusing to grant his motion for partial summary judgment on the issue of anticipatory breach of employment contract is overruled for the same reason: issues of material fact exist (e.g., Did Sturm offer employment to Roberts? Did Roberts quit his employment with Huthnance in reliance upon Sturm's offer? What damages, if any, did Roberts sustain as a result of such reliance? etc.) arising out of differing interpretations of the inducements and contract in question, which are for the jury to decide. *Any* significant fact issue precludes a summary judgment.

It is unnecessary for us to discuss any of the other points of error. Appellant's second point of error is sustained, the summary judgment is reversed, and the cause is remanded.