**ROBERT J. PATTERSON, P.C., d/b/a
Patterson & Associates,
Appellant,**

v.

**Norma LEAL, Appellee.**

No. 13–96–059–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1997.

Rehearing Overruled March 20, 1997.

Robert J. Patterson, Rose Vela, Corpus Christi, for appellant.

David A. Sibley, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This appeal presents the issue of whether the doctrine of employment at will should be abrogated to permit claims of promissory estoppel when the underlying evidence consists of purely oral representations as to employment for an indefinite period. Appellants contend that the trial court allowed plaintiff below to recover under a nonexistent cause of action. We agree. We hold that, in the context of employer and employee relations, no claim exists under Texas law for promissory estoppel when the underlying evidence consists of purely oral representations as to employment for an indefinite period. We therefore reverse the judgment of the trial court and render judgment in favor of appellants.

### The controversy

Appellee, Norma Leal, was working as a file clerk in the Corpus Christi law office of Meredith, Donnell & Abernethy ("MDA") in the spring of 1994, when she began searching for a new job. A friend of Leal was employed as a secretary by the Corpus Christi firm of appellant, Patterson & Associates ("Patterson"). Leal's friend informed her that Patterson was interviewing for a file clerk position, and the friend forwarded Leal's resume to Patterson's office manager.

The resume generated a phone call on a Wednesday to Leal from Patterson's office manager, Ninfa Villarreal, who inquired as to Leal's availability to commence work on the following Monday and invited Leal to an interview on Thursday.[1] Leal immediately resigned her position with MDA. On Thurs-

---

1. Significant disagreement exists concerning the interpretation of the conversation. Appellee contends that the call and invitation to interview consisted of an offer of employment, which was accepted by Leal. Appellant disagrees, arguing that the call and invitation were merely negotiation. We do not resolve that factual dispute for legal reasons set forth herein.

day, Leal was interviewed by Villarreal at Patterson's offices and was instructed to call Villarreal on Friday.[2] Leal tried unsuccessfully to reach Villarreal by telephone on Friday. On Monday, Leal reached Villarreal by telephone and Leal was informed that the file clerk position with Patterson had been filled by another applicant.

Leal sued Patterson on a number of theories that were ultimately reduced to the singular claim of promissory estoppel, premised on the case of *Roberts v. Geosource Drilling Services,* 757 S.W.2d 48 (Tex.App.—Houston [1st Dist.] 1988, no writ). The case was submitted to the jury, with the only liability question couched in terms of promissory estoppel. The jury returned its verdict supporting Leal's theory of liability, awarding Leal damages and attorney's fees. Judgment was entered against Patterson in accordance with the verdict.

Although Patterson raises four points of error on appeal, the first point, concerning the viability of Leal's theory of liability, is dispositive of the entire appeal.

### Employment at will

■ This state adheres to the doctrine of employment at will, pursuant to which either the employer or the employee may terminate the employment relationship at any time. *See Travel Masters, Inc. v. Star Tours, Inc.,* 827 S.W.2d 830, 832 (Tex.1992). The established rule is that employment for an indefinite term may be terminated at will and without cause. *See, e.g., Schroeder v. Texas Iron Works,* 813 S.W.2d 483, 489 (Tex. 1991); *Winters v. Houston Chronicle Pub. Co.,* 795 S.W.2d 723, 723 (Tex.1990). In fact, our common law creates the presumption that employment is terminable at the will of either party. *Mott v. Montgomery County, Tex.,* 882 S.W.2d 635, 637 (Tex.App.—Beaumont 1994, writ denied). Accordingly, we evaluate whether appellee surmounted the presumption of employment at will.

■ The alleged offer and acceptance of employment consisted of (1) purely oral representations that were (2) nonspecific as to

the duration of any contemplated employment. This factual pattern presents no justification for us to deviate from rigid application of the doctrine of employment at will. Our recent decisions concerning this doctrine leave little room for doubt as to the state of the law and the vitality of the doctrine of employment at will. *See, e.g., Rios v. Texas Commerce Bancshares, Inc.,* 930 S.W.2d 809, 814 (Tex.App.—Corpus Christi 1996, n.w.h.); *Ebasco Constructors, Inc. v. Rex,* 923 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1996, writ denied).

■ When employment is pursuant to an oral agreement and of no definite time period, it is terminable at will by either party. *City of Alamo v. Montes,* 904 S.W.2d 727, 733 (Tex.App.—Corpus Christi 1995), *dism'd as moot,* 934 S.W.2d 85 (Tex.1996). For purposes of the rule that an oral contract of employment at will is not enforceable by either party, there is no distinction between termination of employment before starting work and termination after employment has commenced. *See Ingram v. Fred Oakley Chrysler–Dodge,* 663 S.W.2d 561, 562 (Tex. App.—El Paso 1983, no writ). The facts of the instant case afford appellee no redress.

### Promissory estoppel

The promissory estoppel theory under which appellee recovered was founded on the case of *Roberts v. Geosource Drilling Services,* 757 S.W.2d 48 (Tex.App.—Houston [1st Dist.] 1988, no writ). In the *Roberts* case, the plaintiff was discharged prior to the commencement of employment. The court allowed plaintiff to recover under his theory of promissory estoppel, rather than holding that his claims were barred by the doctrine of employment at will. The *Roberts* case, however, is distinguishable from the case at bar because the *Roberts* case involved an employment agreement memorialized by a written contract. The nonexistence of a written contract in the case at bar renders the *Roberts* decision inapposite. In any event, the *Roberts* decision was not tested on appeal and has been subsequently criticized

---

**2.** Leal maintains that, having been hired, she was to call Villarreal to ascertain the hour at which work would begin on Monday. Patterson

contends that the purpose of the call was to inform Leal as to whether she had been hired.

as "wrongly decided." *See Collins v. Allied Pharmacy Management,* 871 S.W.2d 929, 937 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■ As an intermediate court, we are duty bound to follow the authoritative pronouncements of the supreme court of this state, deferring to that court for common law changes in the application of the doctrine of employment at will. *See Winograd v. Willis,* 789 S.W.2d 307, 312 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Hicks v. Baylor University Medical Ctr,* 789 S.W.2d 299, 304 (Tex.App.—Dallas 1990, writ denied). We therefore cannot create a cause of action for promissory estoppel when the underlying evidence consists of purely oral representations as to employment for an indefinite period. Appellee's claim is barred by the doctrine of employment at will. Appellant's first point of error is sustained, thus obviating consideration of the other points of error. TEX.R.APP.P. 90(A).

The judgment of the trial court is REVERSED and RENDERED in favor of appellants.