COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 


 
 
  
 PATRICIA GARCIA,
  
                             Appellant,
  
 v.
  
 BERNARDO LUCERO,  
  
                             Appellee. 
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
  
 
 
  
 No.
 08-10-00329-CV
  
 Appeal
 from the
  
 County
 Court at Law No. 6
  
 of
 El Paso County, Texas 
                                     
 (TC#
 2009-235) 
 
 


 

O P I N I O N

            Patricia Garcia sued Bernardo
Lucero, seeking a declaration that they are equal partners in a general
partnership, or alternatively seeking to recover for breach of contract,
promissory estoppel, and detrimental reliance. 
The trial court granted summary judgment in favor of Lucero on all of
Garcia’s claims.  Garcia appeals raising
nineteen issues.[1]  We affirm in part and reverse and remand in
part.

Background

            Garcia alleges that she and Lucero
started an extramarital affair in 1994, while she was employed at his architectural
firm.  Lucero moved out of the home he
shared with his family and moved into an apartment with her.  In 2001, Lucero filed for divorce from his
wife.  In 2006, the personal relationship
between Lucero and Garcia ended.  Shortly
thereafter, Lucero finalized his divorce and “begged [Garcia] to resume the
relationship.”  Garcia declined.

            Garcia and Lucero acquired property
while their personal relationship was ongoing. 
The petition alleges that Garcia and Lucero are partners in a general
partnership that was formed for the purpose of purchasing and operating
businesses.  The parties considered the
property acquired during their relationship to be owned “50/50,” they agreed to
share losses and profits, and they each had the right to control and manage the
property.

The original petition specifically refers to two pieces of
property.  First, in 2000, the
partnership purchased AV Electronics Service Center for $60,000, with each
partner paying $30,000 of the purchase price. 
Second, in 2002, the partnership purchased an apartment complex.  The petition claims that although the
apartment complex was deeded to Lucero, it was purchased for the benefit of the
partnership.  Neither partner made a down
payment on the property.  Lucero financed
the purchase by making the mortgage payments from the rental income, and Garcia
managed the apartment complex.  Lucero
and Garcia “considered the property their ‘retirement.’”

The original petition seeks a
declaration that Garcia and Lucero are equal partners in a partnership and that
the two businesses are partnership property, which is owned equally by
them.  The petition also seeks the
winding-up of the partnership.

Lucero filed a motion for no-evidence
summary judgment.  Before the court ruled
on this motion, Garcia filed a supplemental petition, adding claims for breach
of contract, promissory estoppel, and detrimental reliance.  Thereafter, the trial court granted Lucero’s
motion for summary judgment.  Garcia
filed a motion for new trial because the summary judgment motion did not
address the supplemental claims.  The
court granted the motion for new trial as to the breach of contract, promissory
estoppel, and detrimental reliance claims. 
Lucero then filed a motion for no-evidence summary judgment on these
claims, which the trial court granted. 
This appeal followed.

The First Summary
Judgment--Partnership Claims

            “[A] party
. . . may move for summary judgment on the ground that there is no evidence of
one or more essential elements of a claim . . . on which an adverse party would
have the burden of proof at trial.”  Tex.R.Civ.P. 166a(i).  Such a motion “must state the elements as to
which there is no evidence.”  Id. 
This rule “does not authorize conclusory motions or general no-evidence
challenges to an opponent’s case.”  Id. 1997 cmt.  Instead, “[t]he motion must be specific in
challenging the evidentiary support for an element of a claim . . . .”  Id.  A complaint that a summary judgment motion
does not comply with these provisions may be raised for the first time on
appeal.  In re Estate of Swanson, 130 S.W.3d 144, 147 (Tex.App.--El Paso
2003, no pet.).

            Garcia’s
original petition seeks a “declaration of a general partnership [and a]
declaration of the rights and responsibilities of the partners in relation to
the partnership property.”  The petition
describes the parties’ relationship under the heading “Partnership Agreement”
and describes the two specific properties acquired by the parties under the
heading “Partnership Property.”  The
first motion for summary judgment states that Garcia cannot present sufficient
evidence “to raise a genuine issue of material fact with respect to the following
questions, which are fundamental elements of her alleged cause of action:  . . .  That
any partnership agreement exists between the parties with respect to any of the
alleged ‘partnership property’ [and] [t]hat Plaintiff has any ownership
interest in any of the alleged ‘partnership property.’”

There are five evidentiary factors
that must be considered in determining whether a partnership has been
created.  See Tex.Bus.Orgs. Code Ann.
' 152.052(a)(West Supp.
2011); see also Ingram v. Deere, 288
S.W.3d 886, 898 (Tex. 2009)(stating that “an absence of any evidence of the
factors will preclude the recognition of a partnership,” while “conclusive
evidence of all of the . . . factors will establish the existence of a
partnership as a matter of law”).  The factors
are:  (1) receipt or right to receive a share of profits; (2) expression
of an intent to be partners; (3) participation
or right to participate in control; (4) agreement
to share or sharing of losses or liability; and (5)
agreement to contribute or contribution of money or property to the business.  Tex.Bus.Orgs.
Code Ann. '
152.052(a); Ingram, 288 S.W.3d at
895.  In Issues Three and Four, Garcia
asserts that Lucero’s motion amounts to a global, conclusory no-evidence
challenge because it does not specify as to which of these factors there is no
evidence.

            Lucero does
not dispute that the five-factor test applies. 
He asserts, however, that the summary judgment motion challenges a
specific element by stating that there is no evidence of a partnership
agreement.  The existence of a formal partnership
agreement is not one of the five factors. 
Relying on Section 152.002(a) of the Business Organizations Code, Lucero
nevertheless contends that the trial court could not make any declaration
concerning the rights and responsibilities of the parties in relation to the
partnership property without evidence of a partnership agreement.  Section 152.002(a) states that “a partnership
agreement governs the relations of the partners and between the partners and
the partnership.”  Tex.Bus.Orgs. Code Ann. ' 152.002(a).  This is the statutory language that Lucero
cites.  Lucero ignores the following
language from the same statute:  “To the
extent that the partnership agreement does not otherwise provide, this chapter
and the other partnership provisions govern the relationship of the partners
and between the partners and the partnership.” 
Tex.Bus.Orgs. Code Ann. ' 152.002(a).  Moreover, another statute provides that an association of two or more
persons to carry on a business for profit creates a partnership, regardless of
whether they intended
to create a partnership or whether the
association is called a “partnership.”  Id. at ' 152.051(b).  Thus, the existence of a formal partnership agreement
is not an element that must be proven to establish a partnership.

Lucero also asserts that the motion challenges a specific
element of Garcia’s claims, as pleaded,
by stating that there is no evidence that Garcia had any ownership interest in
any of the alleged partnership property. 
Lucero points out that the original petition alleges that Garcia is “entitled
to an ownership interest in the apartment complex.”  But, as Garcia notes in Issue Five, “[p]artnership
property is not property of the partners.” 
Id. at ' 152.101.  Accordingly, direct ownership of partnership
property is not an element that must be proven to establish a partnership.  Any allegations in the petition suggesting
direct ownership of property are mere surplusage.

            The relief requested in Garcia’s
original petition requires her to establish that she and Lucero are equal
partners in a general partnership.  The
first summary judgment motion does not specifically challenge the essential elements
of a partnership.  We therefore sustain
Issues Three, Four, and Five.  This means
that the first summary judgment must be reversed.  Because of this disposition, it is not
necessary to address Garcia’s other issues concerning the first summary judgment.

The Second Summary Judgment--Supplemental Claims

Breach of Contract

 

            A no-evidence summary
judgment is essentially a pretrial directed verdict.  Godfrey
v. Sec. Serv. Fed. Credit Union, 356 S.W.3d 720, 725 (Tex.App.--El Paso
2011, no pet.).  When the movant
specifically states that there is no evidence on an essential element of a
plaintiff’s claim, the non-movant must produce more than a scintilla of
evidence raising a fact issue on the challenged element.  Id.  Less than a scintilla of evidence exists when
the evidence is so weak as to do no more than create a mere surmise or
suspicion.  Id.  The evidence must be
viewed in the light most favorable to the non-movant.  Id.      

The supplemental petition alleges that Lucero breached a
contract to provide Garcia with legal title to the apartment complex.  The second motion for summary judgment
asserts several grounds to support a no-evidence summary judgment on this
claim.  One of those grounds is
that there is no evidence that Garcia suffered damages.  This is an essential element of the breach of
contract claim.  See id. at 726.  In Issue
Thirteen, Garcia asserts that she presented sufficient summary judgment
evidence to raise a fact issue on damages.

            In response
to the second summary judgment motion, Garcia submitted her own affidavit.  Therein, she states that Lucero bought the
apartment complex in 2000 “with two promissory notes totaling approximately one
million dollars.”  At that time, Lucero
said, “These apartments will be our retirement.”  She accepted his offer to manage the
apartments and she devoted her time and labor to the task for seven years
without pay.  The rental money was used for
payments on the promissory notes and for maintenance.  If she had not believed that she was an
owner, she would not have worked without pay. 
As time went by and Lucero had little involvement with the apartments,
he “changed from saying that they were for our retirement to saying that the
apartments were mine.”  Attached to the
affidavit is an e-mail to Garcia with the subject line “RE:  I will always Love you,” in which Lucero states,
“You had 100% of the apartments, now I will talk to an attorney and you and I
will agree on a percentage.”

            On appeal,
Garcia contends that the general measure of damages for breach of contract is
the benefit of the bargain, which represents the difference between the value
expected and the value received.  Citing
her affidavit, Garcia asserts that she was promised an ownership interest in
the apartment complex, that she managed the complex for seven years without
pay, and that the apartment complex was supposed to fund her retirement.  Garcia argues that these statements from her
affidavit constitute evidence that there was a difference between the value she
expected and the value she received.  She
also asserts that she believed she had “an ownership interest in an asset which
would one day have a net worth of several hundreds of thousands, if not
millions of dollars, and produce a steady income stream . . . .”  Thus, according to Garcia, there is more than
a scintilla of evidence to support a damage award.  We disagree.

            There is
nothing in the record to support Garcia’s assertion that the apartment complex
will be worth hundreds of thousands or millions of dollars some day.  The record contains no evidence regarding the
current market value of the apartment complex, the current mortgage
indebtedness, or the equity that Lucero or the putative partnership has in the
complex.  Nor does the record contain any
evidence regarding the income stream that Garcia expected for her
retirement.  Likewise, there is no
evidence of the value of Garcia’s services. 
Garcia made no attempt to quantify her damages in the trial court.  Therefore, she failed to raise a fact issue
on this element.  Cf. Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc., 877
S.W.2d 276, 279 (Tex. 1994)(holding that damages for lost profits must be
proven with reasonable certainty); Hoss
v. Alardin, 338 S.W.3d 635, 654 (Tex.App.--Dallas 2011, no pet.)(upholding
summary judgment on breach of contract claim where there was no evidence of the
amount of net profits).  Issue Thirteen
is overruled.  Because evidence of
damages is essential to recover for breach of contract, the trial court did not
err by granting a no-evidence summary judgment on this claim, and we need not
consider Garcia’s remaining appellate issues concerning this claim.

Promissory Estoppel

            The
supplemental petition raises a claim for promissory estoppel.  The
second motion for summary judgment asserts that Garcia cannot recover for
promissory estoppel because there is no evidence of a legally enforceable
promise, that Garcia substantially and detrimentally relied on a promise, or
that any reliance was foreseeable.  The
elements of promissory estoppel are:  (1) a promise; (2) foreseeability of reliance
thereon by the promisor; and (3) substantial reliance by the promisee to her
detriment.  See Kelly v. Rio Grande Computerland Group, 128 S.W.3d 759, 769 (Tex.App.--El
Paso 2004, no pet.).

            Garcia
argues that the second summary judgment motion does not address the promissory
estoppel theory asserted in her supplemental petition.  Therefore, she contends in Issue Fifteen that
the second summary judgment did not dispose of her promissory estoppel claim,
meaning that there is no final judgment. 
Alternatively, she contends in Issue Sixteen that if the second summary
judgment disposed of her promissory estoppel claim, the judgment is erroneous
because the motion mischaracterized her claim.

            Garcia
points to the following language in her supplemental petition:  “The acts and omissions of the defendant form
the basis [of] promissory estoppel in favor of the plaintiff, because the
defendant promised that the apartments were the property of both plaintiff and
defendant.”  The second summary judgment
motion states that Garcia has no evidence “[t]hat a legally enforceable promise
had been made.  Relying on a vague,
indefinite promise of future income is unreasonable as a matter of law.”  Garcia argues that it was wrong for Lucero to
characterize the promise upon which she relies as a vague, indefinite promise
of future income because her supplemental petition alleges that Lucero actually
promised that she would immediately become a co-owner of the apartment complex
if she agreed to manage it.

            The second
summary judgment motion unambiguously identifies Garcia’s three supplemental
claims, including the promissory estoppel claim, and seeks summary judgment on
all of them.  The prayer for relief
specifically requests the court to “[g]rant summary judgment against Plaintiff
on all her causes of action.”  The second
summary judgment order granted this motion. 
Therefore, the second summary judgment disposed of all the claims that
remained pending, and constitutes a final judgment.  See Lehmann v. Har–Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).

            Moreover,
the second summary judgment motion asserts that there is no evidence of a
legally enforceable promise.  Because a
promise is the first element of a promissory estoppel claim, the motion clearly
challenges an element that Garcia must prove. 
It is irrelevant that the motion goes on to describe Garcia’s claim as a
“vague, indefinite promise of future income.” 
We also note that the supplemental petition is not the model of clarity
that Garcia suggests it to be.  It
alleges that the parties agreed to use the apartment complex as “an investment
. . . to generate income in the future when the parties chose to retire” and
that Garcia dedicated herself to managing the apartment complex “without
payment . . . other than the deferred and future expectation of benefit.”  Given these allegations, Lucero can be
excused for misunderstanding the exact nature of the promissory estoppel claim.

            Issues
Fifteen and Sixteen are overruled.

            In Issue
Seventeen, Garcia argues that she presented more than a scintilla of evidence on
the promissory estoppel elements that are challenged in the second summary
judgment motion:  (1) a promise; (2)
substantial and detrimental reliance; and (3) that reliance was reasonably
foreseeable by Lucero.  Viewing the
evidence in the light most favorable to Garcia, we agree.

            Garcia’s affidavit
indicates that she and Lucero had a romantic relationship.  According to the affidavit, Lucero asked
Garcia to manage the apartment complex after telling her that they were
co-owners and that the complex would be used to fund their retirement.  Given the nature of the offer and their
relationship, Lucero could reasonably foresee that Garcia would rely on his
promise.  She did rely on it, to her
detriment, by managing the complex without pay and without help from Lucero for
seven years.  Lucero even acknowledged in
his e-mail that Garcia had “100% of the apartments” and that she deserves some
recompense.

            Issue
Seventeen is sustained.

Detrimental Reliance

            The
supplemental petition asserts:  “The acts
and omissions of the defendant form the basis of a cause of action in
detrimental reliance in favor of the plaintiff, because the defendant stated
that the apartments belonged to both parties and plaintiff reasonably and
substantially relied on Lucero’s statements to her detriment.”  The second summary judgment motion asserts
that detrimental reliance is merely an element of promissory estoppel, not a
separate cause of action in itself.  Garcia’s
response to the summary judgment motion relies on the same evidence to
establish promissory estoppel and detrimental reliance.

In Issue Nineteen, Garcia argues
that promissory estoppel and detrimental reliance are distinct causes of
action, but she makes no effort to explain how they differ.  She cites one case to support her position.  See Roberts
v. Geosource Drilling Servs., Inc., 757 S.W.2d 48 (Tex.App.--Houston [1st
Dist.] 1988, no writ).  There, the court
referred to detrimental reliance as the “doctrinal sibling” of promissory
estoppel.  Id. at 50.  The plaintiff had
sued for, among other things, “detrimental reliance.”  Id.  In apparent reliance on the nomenclature
chosen by the plaintiff, the appellate court stated:

For
the doctrine of ‘detrimental reliance’ to be available, Roberts must show the
existence of a promise ‘designedly made to influence the conduct of the
promisee, tacitly encouraging the conduct, which conduct, although not
necessarily constituting any actual performance of the contract itself, is
something that must be done by the promisee before he could begin to perform, and
was a fact known to the promisor.  Wheeler
v. White, 398 S.W.2d 93, 96 (Tex.1965) [remaining citations omitted].

 

Id.  The cited case, Wheeler, is a promissory estoppel case.  See
398 S.W.2d at 96 (expressly using the term “promissory estoppel”).  Furthermore, the Roberts court evaluated the plaintiff’s claim under the criteria
that apply to promissory estoppel.  See 757 S.W.2d at 50.

            Like the
court in Roberts, we would not
penalize a plaintiff for referring to promissory estoppel as “detrimental
reliance,” but, also like the Roberts
court, we would evaluate a detrimental reliance claim under the same criteria
as a promissory estoppel claim.  It is
not a distinct cause of action.  See Univ.
of Tex. Sys. v. Courtney, 946 S.W.2d 464, 468 (Tex.App.--Fort Worth
1997, writ denied)(holding that detrimental reliance is not a separate tort
cause of action and suggesting that it is “equivalent to contractual promissory estoppel”).

            Garcia
argues that Lucero used the wrong procedural vehicle to assert that detrimental
reliance is not a distinct cause of action. 
She believes that this issue should have been raised in a traditional
motion for summary judgment rather than a no-evidence motion.  Courts are split as to whether a purely legal
issue can ever be raised in a no-evidence motion.  See
Brookshire Katy Drainage Dist. v. Lily Gardens, LLC, 357 S.W.3d 661, 675-76 (Tex.App.--Houston [1st Dist.] 2011, no pet.)(Keyes, J.,
dissenting from denial of en banc rehearing)(discussing the conflicting cases);
see also Bailey v. Gulf States Util. Co.,
27 S.W.3d 713, 715-16 (Tex.App.--Beaumont 2000, pet. denied)(affirming
no-evidence summary judgment on ground that “oppressive conduct” is not a
separate cause of action, without addressing whether no-evidence motion was
appropriate vehicle).  Under the
circumstances of this case, we see no point in reversing the summary judgment
merely to remand for further proceedings on a non-existent claim.[2]

            Issue
Nineteen is overruled.

Conclusion

            The first
summary judgment order is reversed.  The
second summary judgment order is reversed with respect to the promissory
estoppel claim, but affirmed with respect to the breach of contract and
detrimental reliance claims.  The cause
is remanded to the trial court for further proceedings.

 

 

 

March 28, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and
Antcliff, JJ.











[1]
Issues One through Seven concern the partnership claim, Issues Eighteen and
Eight through Fourteen concern the breach of contract claim, Issues Fifteen
through Seventeen concern the promissory estoppel claim, and Issue Nineteen
concerns the detrimental reliance claim. 
For the reasons explained below, we find it unnecessary to address every
issue.





[2]
There may be circumstances in which it would not be appropriate to raise a
legal issue in a no-evidence motion.  We
confine our holding here to the facts before us.