COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| POINETTE R. GODFREY AND | § | No. 08-10-00312-CV |
| JORDAN A. GODFREY-STOVAL, | § | |
| Appellants, | § | Appeal from the |
| v. | § | 73rd Judicial District Court |
| | § | of Bexar County, Texas |
| SECURITY SERVICE FEDERAL | § | (TC# 2010CI02176) |
| CREDIT UNION, | | |
| Appellee. | § | |

## **O P I N I O N**

Appellants sued Appellee for various claims, including civil violation of the Texas Deceptive Trade Practices – Consumer Protection Act, breach of warranty, breach of contract, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing. Appellee filed a motion for summary judgment asserting separate no-evidence challenges to all five of Appellants' claims, and asserting traditional summary judgment challenges to Appellants' claims for violation of the Texas Deceptive Trade Practice – Consumer Protection Act, breach of warranty, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. Appellants responded to Appellee's motion for summary judgment. Appellee filed objections to Appellants' summary judgment evidence, all of which were sustained by the trial court. Ultimately, the trial court granted Appellee's motion for summary judgment in all respects. Appellants raise four issues challenging the trial court's granting of Appellee's motion for summary judgment. Finding no error, we affirm.

### *Background*

In February 2003, Appellants opened two certificates of deposit ("CD") with Appellee Security Service Federal Credit Union ("SSFCU"). Each CD was opened in the amount of $100,000 and each CD would mature after 60 months. Appellant Poinette R. Godfrey held one CD in her name, and was a joint holder of the other, along with her son, Appellant Jordan A. Godfrey-Stoval. After opening the CD's, Appellant Poinette R. Godfrey began taking out numerous lines of credit and loans with SSFCU as well as a Mastercard account. At least three of the loans were expressly secured by the CD's[1] and the terms and conditions of all of the loans gave SSFCU the right to offset any delinquent payments from accounts held by Appellants with SSFCU.

In 2007, Appellant began to consistently fail to make timely and adequate payments on her outstanding loans. When that happened, SSFCU invoked its right under the loan accounts to accelerate all amounts due on all of the twenty-one loans and to offset them against Appellants' CD's. After the offset, Appellants had a balance of $5,468.40 which was returned to Appellant Poinette R. Godfrey, at her request. Appellee filed a no-evidence and traditional motion for summary judgment and Appellants filed their response. SSFCU then objected to essentially all of the evidence offered by Appellants in support of their response to SSFCU's motion for summary judgment. The trial court sustained all of SSFCU's objections, and granted SSFCU's motion for summary judgment without specifying the grounds for same. Appellants raise four issues in this appeal, all of which challenge the trial court's order granting summary judgment.

The issues raised by Appellants are as follows: (1) "Does a Credit Union have the right to use '[d]ragnet [c]lauses,' to prevent its members from withdrawing funds on a

---

[1] Loan numbers 4374182031, 4666165021, and 4666165023.

2

[n]on-negotiable, [n]on-transferable certificate of deposit, if so, should it be hidden or communicated?;" (2) "[w]hether more than two hundred pages of exhibits held too much to review, causing the District Court to error [sic] in rendering the Appellee motion for summary judgment on the entire case and all of it causes?;" (3) "[d]oes a [f]inancial [i]nstitution have a [f]iduciary [d]uty to its members/owners; if one of its employees takes on a role as a [f]iduciary?"; and (4) "[d]oes a [f]inancial [i]nstitution have an obligation to its members to uphold its commitments to its members/owners as long as they are members/owners of the institution?"

Because Appellants are proceeding *pro se*, we will liberally interpret the issues raised in their brief. However, we are mindful that in Texas, *pro se* plaintiffs are held to the same standards as those applied to attorneys. *See Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005)(*Pro se* litigants are generally held to the same standards as applied to licensed attorneys.). To do otherwise could give a *pro se* litigant an unfair advantage over litigants represented by counsel. *Cohn*, 573 S.W.2d at 185; *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex.App.--Texarkana 2002, pet. denied).

Here, our liberal interpretation of the issues raised by Appellants results in two basic complaints – specifically, that the trial court erred when it sustained all of Appellee's objections to Appellants' summary judgment evidence, and that the trial court erred by granting Appellee's motion for summary judgment.

### Standard of Review

The admission or exclusion of evidence is left to a trial court's sound discretion. *City of*

3

*Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). A party complaining on appeal of the admission or exclusion of evidence must show both that the trial court's ruling was erroneous and probably caused rendition of an improper judgment. *Ganesan v. Vallabhaneni,* 96 S.W.3d 345, 351 (Tex.App.--Austin 2002, pet. denied). We review evidentiary rulings under the abuse of discretion standard. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

### *Analysis*

Attached to Appellants' response to SSFCU's motion for summary judgment are more than 200 pages of documents, some of which are duplicative of documents submitted by SSFCU in support of its motion for summary judgment. Appellee objected to all of the documents with the exception of those previously produced by SSFCU. The trial court, without specifying the reasons for its ruling, granted all of Appellee's objections to the evidence submitted by Appellant. There were multiple objections lodged by SSFCU to each of the exhibits attached to Appellant's response to the motion for summary judgment. The trial court did not specify which objections it was sustaining, noting only that it would "sustain all objections."[2] In their brief, Appellants do not point out to this Court the objections referred to in the trial court's order that they challenge. Nor do they address any of the possible bases on which the trial court could

---

[2] The objections lodged against each exhibit included: (1) failure to specifically identify which document it was referring the trial court to in support of Appellants' response – in other words, the mere attachment and reference of documents does not relieve a party of pointing out to the trial court exactly what proof the party is relying on in support of its response, *see Gonzales v. Shing Wai Brass and Metal Wares Factory, Ltd.,* 190 S.W.3d 742, 746 (Tex.App.--San Antonio 2005, no pet.); (2) a party cannot rely on factual statements in pleadings or motions as summary judgment evidence, *see Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex. 1995); lack of authentication pursuant to TEX.R.EVID. 901; hearsay pursuant to TEX.R.EVID. 801; and that the affidavits attached to the response lack the proper form.

4

have based its rulings.[3]   Appellants further do not cite this Court to any specific evidence which creates a fact issue as to the elements of each of their claims challenged by SSFCU in its motion for summary judgment.

Because Appellants have not shown that the trial court's exclusion of their summary judgment evidence was and probably caused rendition of an improper judgment, they are unable to show that the trial court abused its discretion by granting Appellee's objections to Appellants' summary judgment evidence.   Issue One is therefore overruled.

### *Standard of Review on Summary Judgment*

Next, in a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant in the trial court carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law.   *Lear Sigler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Aguilar v. Trujillo*, 162 S.W.3d 839, 849 (Tex.App.--El Paso 2005, pet. denied); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied).   The question is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of elements of the movant's cause or claim.   *Gibbs v. General Motors Corp,* 450 S.W.2d 827, 828 (Tex. 1970).   In resolving these issues, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor.   *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).   A trial court properly grants summary judgment in favor of a defendant if

---

[3] Indeed, each of the objections lodged against Appellants' summary judgment evidence were appropriate in that they could have been the basis for exclusion as to that particular document or evidence being challenged.

that party conclusively establishes all elements of an affirmative defense, or conclusively negates at least one element of the plaintiff's claim. *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). A traditional summary judgment is subject to *de novo* review. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

A no-evidence summary judgment under TEX.R.CIV.P. 166(a)(i) is essentially a pretrial directed verdict, and a reviewing court applies the same legal sufficiency standard. *Wyatt v. Longoria,* 33 S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.). The party moving for summary judgment on this basis must specifically state the elements to which there is no evidence. TEX.R.CIV.P. 166(a)(i). The burden then shifts to the non-movant to produce evidence raising a fact issue as to the challenged elements *Id.* When reviewing a no-evidence summary judgment, this Court must view all the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence summary judgment is improperly granted if the respondent counters with more than a scintilla of probative evidence to raise a genuine issue of material fact. *See Lampasas v. Spring Ctr., Inc.,* 988 S.W.2d 428, 432 (Tex.App.--Houston [14th Dist.] 1999, no pet.). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than creates a mere surmise or suspicion. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983). In a case where the trial court's judgment does not specify the ground or grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

We will consider the no-evidence grounds for summary judgment first, because if Appellant was unable to produce more than a scintilla of evidence, there is no need to analyze

whether Appellee satisfied the more onerous traditional summary judgment burden. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

*Analysis*

The motion filed by SSFCU provided the trial court with multiple independent grounds for judgment. The elements of a claim brought under the Texas Deceptive Trade Practices Act are that: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant committed a wrongful act by engaging in a false, misleading, or deceptive act that is enumerated in a subdivision of the Texas Business and Commerce Code section 17.46(b) or breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (4) that the act constituted a producing cause of the plaintiff's damages. *See* TEX.BUS.&COM.CODE ANN. §§ 17.41 – 17.63 (West 2011); *Amstadt v. U.S. Brass Corp*, 919 S.W.2d 644, 649 (Tex. 1996).

SSFCU asserts that there is no evidence supporting Appellants' DTPA claim in that there is no evidence that the mere purchase of a certificate of deposit gives Appellants standing as consumers under the DTPA (*see Henderson v. Texas Commerce Bank – Midland, N.A.,* 837 S.W.2d 778, 782 (Tex.App.--El Paso 1992, writ denied), *citing First Federal Sav. & Loan Assoc. v. Ritenour,* 704 S.W.2d 895, 898 (Tex.App.--Corpus Christi 1986, writ ref'd n.r.e); there is no evidence that SSFCU represented that an agreement conferred or involved rights, remedies, or obligations which it did not have or involve, or which were prohibited by law; there is no evidence that SSFCU failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose such information was intended to induce Appellants into a transaction into which they would not have entered had the

7

information been disclosed; there is no evidence that SSFCU took advantage of Appellants' lack of knowledge, ability, experience, or capacity when they opened either the CD's or the loans; there is no evidence that any alleged disadvantage accruing to Appellants resulted in unfairness that was glaringly noticeable, flagrant, complete, and unmitigated; and there is no evidence that any act by SSFCU was a producing cause of Appellants' alleged damages.

Next, the elements of a breach of contract claim are the existence of a valid contract, performance or tendered performance by a plaintiff, breach of the contract by the defendant, and damages caused by the breach. *See Roof Sys. Inc. v. Johns Manville Corp.,* 130 S.W.3d 430 (Tex.App.--Houston [14th Dist.] 2004, no pet.). SSFCU argues that there is no evidence supporting Appellants' breach of contract claim and specifically that there is no evidence that: Appellants performed or tendered performance under any contract; SSFCU breached any contract with Appellants; and Appellants were damaged by any alleged breach of contract with SSFCU.

With respect to Appellants' breach of warranty claim, the elements are that the defendant sold services to the plaintiff, the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, promise, or description, that the representation became part of the basis for the bargain, that the defendant breached the warranty, the plaintiff notified defendant of the breach, and the plaintiff suffered injury. *Paragon Gen. Contractors, Inc. v. Larco Constr. Inc.,* 227 S.W.3d 876, 886 (Tex.App.--Dallas 2007, no writ). SSFCU argues that there is no evidence that it made any representations about the characteristics of the services by affirmation of fact, promise, or description, and that there is no evidence that any such representation became part of the basis for the bargain; there is no evidence that SSFCU breached any alleged warranty; there is no evidence that Appellants notified SSFCU of any

8

alleged breach; and there is no evidence that Appellants suffered injury as a result of the alleged breach.

Next, Texas does not recognize an implied covenant of good faith and fair dealing. *Natividad v. Alexsis, Inc.* 875 S.W.2d 695, 697 (Tex. 1994); *City of Midland v. O'Bryant,* 18 S.W.3d 209, 215 (Tex. 2000). SSFCU argues that even if such a cause of action existed in Texas, it would fail in this case because Appellants have no evidence of a contract giving rise to a special relationship. *See Bass v. Hendrix,* 931 F.Supp. 523, 534 (S.D. Tex. 1996), *citing Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 262 (5th Cir. 1995).

It is certainly possible that liberally construing Appellants pleadings, they intended to plead a breach of the **duty** of good faith and fair dealing. However, SSFCU asserts that there is no duty of good faith and fair dealing between a borrower and a lender or between a bank and its customer. *See*, *e.g. UMLIC VP LLC v. T & M Sales & Envtl. Sys*., Inc., 176 S.W.3d 595, 613 (Tex.App.--Corpus Christi 2005, pet. denied)(finding no special relationship to support duty of good faith and fair dealing between borrower and lender).

Finally, the elements for a breach of fiduciary duty claim include: the plaintiff and defendant had a fiduciary relationship; the defendant breached its fiduciary duty to the plaintiff; and the defendant's breach resulted in an injury to the plaintiff or a benefit to the defendant. *See e.g. Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999). SSFCU argues that there was no fiduciary relationship between it and Appellants, there is no evidence that SSFCU breached any alleged fiduciary relationship with Appellants, and that there is no evidence that any alleged breach of any alleged fiduciary relationship resulted in an injury to Appellants or a benefit to SSFCU.

9

Under these circumstances, Appellants' burden, as the parties challenging the summary judgment on appeal, included negating all summary judgment grounds which could have supported the judgment. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Although an appellant may challenge a summary judgment in a single issue, the appellant's argument in support of that issue must address and negate each ground upon which the trial court could have based its decision. *See Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384 (Tex.App.--El Paso 2009, no pet.). When an appellant fails to negate each ground on which the judgment could have been based, the reviewing court must affirm. *Leffler*, 290 S.W.3d at 387.

In their brief to this Court, Appellants choose to address their DTPA and breach of contract claims by arguing that there was a miscommunication between Appellants and SSFCU. They do not attempt to negate each ground upon which the trial court could have based its decision – indeed, the elements of those claims are not even addressed in Appellants' brief. Accordingly, these claims fail.

Appellants do not address the breach of an implied covenant of good faith and fair dealing in their brief. In any event, there is no evidence of a special relationship which would support a claim for breach of an implied covenant or a duty of good faith and fair dealing, also a necessary element for a breach of fiduciary duty claim. Absent any evidence of a special relationship, these claims fail as well.

Finally, with respect to their breach of warranty claims, Appellants produced no evidence of a representation made by Appellee about the characteristics of the services by affirmation of fact, by promise, or by description, that the supposed representation became a part of the bargain, and which SSFCU then breached. There is no evidence that Appellant notified SSFCU of any

10

alleged breach or that the alleged breach cause injury to Appellant. As a result, Appellants' claim for breach of warranty fails as well.

Because we have determined that the trial court could have properly found that Appellants were unable to produce more than a scintilla of evidence when it granted Appellee's no-evidence motion for summary judgment, there is no need for us to analyze whether Appellee satisfied the more onerous traditional summary judgment burden.

### *Conclusion*

Having overruled each of Appellants' issues, we affirm the trial court's judgment.


December 7, 2011

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.