COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICIA GARCIA, | § | No. 08-10-00329-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| BERNARDO LUCERO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2009-235) |
| | § | |

## O P I N I O N

Patricia Garcia sued Bernardo Lucero, seeking a declaration that they are equal partners in a general partnership, or alternatively seeking to recover for breach of contract, promissory estoppel, and detrimental reliance. The trial court granted summary judgment in favor of Lucero on all of Garcia's claims. Garcia appeals raising nineteen issues.[1] We affirm in part and reverse and remand in part.

## BACKGROUND

Garcia alleges that she and Lucero started an extramarital affair in 1994, while she was employed at his architectural firm. Lucero moved out of the home he shared with his family and moved into an apartment with her. In 2001, Lucero filed for divorce from his wife. In 2006, the personal relationship between Lucero and Garcia ended. Shortly thereafter, Lucero finalized his

---

[1] Issues One through Seven concern the partnership claim, Issues Eighteen and Eight through Fourteen concern the breach of contract claim, Issues Fifteen through Seventeen concern the promissory estoppel claim, and Issue Nineteen concerns the detrimental reliance claim. For the reasons explained below, we find it unnecessary to address every issue.

divorce and "begged [Garcia] to resume the relationship." Garcia declined.

Garcia and Lucero acquired property while their personal relationship was ongoing. The petition alleges that Garcia and Lucero are partners in a general partnership that was formed for the purpose of purchasing and operating businesses. The parties considered the property acquired during their relationship to be owned "50/50," they agreed to share losses and profits, and they each had the right to control and manage the property.

The original petition specifically refers to two pieces of property. First, in 2000, the partnership purchased AV Electronics Service Center for $60,000, with each partner paying $30,000 of the purchase price. Second, in 2002, the partnership purchased an apartment complex. The petition claims that although the apartment complex was deeded to Lucero, it was purchased for the benefit of the partnership. Neither partner made a down payment on the property. Lucero financed the purchase by making the mortgage payments from the rental income, and Garcia managed the apartment complex. Lucero and Garcia "considered the property their 'retirement.'"

The original petition seeks a declaration that Garcia and Lucero are equal partners in a partnership and that the two businesses are partnership property, which is owned equally by them. The petition also seeks the winding-up of the partnership.

Lucero filed a motion for no-evidence summary judgment. Before the court ruled on this motion, Garcia filed a supplemental petition, adding claims for breach of contract, promissory estoppel, and detrimental reliance. Thereafter, the trial court granted Lucero's motion for summary judgment. Garcia filed a motion for new trial because the summary judgment motion did not address the supplemental claims. The court granted the motion for new trial as to the breach of contract, promissory estoppel, and detrimental reliance claims. Lucero then filed a

2

motion for no-evidence summary judgment on these claims, which the trial court granted. This appeal followed.

## THE FIRST SUMMARY JUDGMENT--PARTNERSHIP CLAIMS

"[A] party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX.R.CIV.P. 166a(i). Such a motion "must state the elements as to which there is no evidence." *Id.* This rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id.* 1997 cmt. Instead, "[t]he motion must be specific in challenging the evidentiary support for an element of a claim . . . ." *Id.* A complaint that a summary judgment motion does not comply with these provisions may be raised for the first time on appeal. *In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex.App.--El Paso 2003, no pet.).

Garcia's original petition seeks a "declaration of a general partnership [and a] declaration of the rights and responsibilities of the partners in relation to the partnership property." The petition describes the parties' relationship under the heading "Partnership Agreement" and describes the two specific properties acquired by the parties under the heading "Partnership Property." The first motion for summary judgment states that Garcia cannot present sufficient evidence "to raise a genuine issue of material fact with respect to the following questions, which are fundamental elements of her alleged cause of action: . . . That any partnership agreement exists between the parties with respect to any of the alleged 'partnership property' [and] [t]hat Plaintiff has any ownership interest in any of the alleged 'partnership property.'"

There are five evidentiary factors that must be considered in determining whether a partnership has been created. *See* TEX.BUS.ORGS. CODE ANN. § 152.052(a)(West Supp.

3

2011); *see also Ingram v. Deere*, 288 S.W.3d 886, 898 (Tex. 2009)(stating that "an absence of any evidence of the factors will preclude the recognition of a partnership," while "conclusive evidence of all of the . . . factors will establish the existence of a partnership as a matter of law"). The factors are: (1) receipt or right to receive a share of profits; (2) expression of an intent to be partners; (3) participation or right to participate in control; (4) agreement to share or sharing of losses or liability; and (5) agreement to contribute or contribution of money or property to the business. TEX.BUS.ORGS. CODE ANN. § 152.052(a); *Ingram*, 288 S.W.3d at 895. In Issues Three and Four, Garcia asserts that Lucero's motion amounts to a global, conclusory no-evidence challenge because it does not specify as to which of these factors there is no evidence.

Lucero does not dispute that the five-factor test applies. He asserts, however, that the summary judgment motion challenges a specific element by stating that there is no evidence of a partnership agreement. The existence of a formal partnership agreement is not one of the five factors. Relying on Section 152.002(a) of the Business Organizations Code, Lucero nevertheless contends that the trial court could not make any declaration concerning the rights and responsibilities of the parties in relation to the partnership property without evidence of a partnership agreement. Section 152.002(a) states that "a partnership agreement governs the relations of the partners and between the partners and the partnership." TEX.BUS.ORGS. CODE ANN. § 152.002(a). This is the statutory language that Lucero cites. Lucero ignores the following language from the same statute: "To the extent that the partnership agreement does not otherwise provide, this chapter and the other partnership provisions govern the relationship of the partners and between the partners and the partnership." TEX.BUS.ORGS. CODE ANN. § 152.002(a). Moreover, another statute provides that an association of two or more persons to

4

carry on a business for profit creates a partnership, regardless of whether they intended to create a partnership or whether the association is called a "partnership." *Id.* at § 152.051(b). Thus, the existence of a formal partnership agreement is not an element that must be proven to establish a partnership.

Lucero also asserts that the motion challenges a specific element of Garcia's claims, *as pleaded*, by stating that there is no evidence that Garcia had any ownership interest in any of the alleged partnership property. Lucero points out that the original petition alleges that Garcia is "entitled to an ownership interest in the apartment complex." But, as Garcia notes in Issue Five, "[p]artnership property is not property of the partners." *Id.* at § 152.101. Accordingly, direct ownership of partnership property is not an element that must be proven to establish a partnership. Any allegations in the petition suggesting direct ownership of property are mere surplusage.

The relief requested in Garcia's original petition requires her to establish that she and Lucero are equal partners in a general partnership. The first summary judgment motion does not specifically challenge the essential elements of a partnership. We therefore sustain Issues Three, Four, and Five. This means that the first summary judgment must be reversed. Because of this disposition, it is not necessary to address Garcia's other issues concerning the first summary judgment.

### THE SECOND SUMMARY JUDGMENT--SUPPLEMENTAL CLAIMS
#### *Breach of Contract*

A no-evidence summary judgment is essentially a pretrial directed verdict. *Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720, 725 (Tex.App.--El Paso 2011, no pet.). When the movant specifically states that there is no evidence on an essential element of a plaintiff's claim,

5

the non-movant must produce more than a scintilla of evidence raising a fact issue on the challenged element. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *Id.* The evidence must be viewed in the light most favorable to the non-movant. *Id.*

The supplemental petition alleges that Lucero breached a contract to provide Garcia with legal title to the apartment complex. The second motion for summary judgment asserts several grounds to support a no-evidence summary judgment on this claim. One of those grounds is that there is no evidence that Garcia suffered damages. This is an essential element of the breach of contract claim. *See id.* at 726. In Issue Thirteen, Garcia asserts that she presented sufficient summary judgment evidence to raise a fact issue on damages.

In response to the second summary judgment motion, Garcia submitted her own affidavit. Therein, she states that Lucero bought the apartment complex in 2000 "with two promissory notes totaling approximately one million dollars." At that time, Lucero said, "These apartments will be our retirement." She accepted his offer to manage the apartments and she devoted her time and labor to the task for seven years without pay. The rental money was used for payments on the promissory notes and for maintenance. If she had not believed that she was an owner, she would not have worked without pay. As time went by and Lucero had little involvement with the apartments, he "changed from saying that they were for our retirement to saying that the apartments were mine." Attached to the affidavit is an e-mail to Garcia with the subject line "RE: I will always Love you," in which Lucero states, "You had 100% of the apartments, now I will talk to an attorney and you and I will agree on a percentage."

On appeal, Garcia contends that the general measure of damages for breach of contract is

6

the benefit of the bargain, which represents the difference between the value expected and the value received.   Citing her affidavit, Garcia asserts that she was promised an ownership interest in the apartment complex, that she managed the complex for seven years without pay, and that the apartment complex was supposed to fund her retirement.   Garcia argues that these statements from her affidavit constitute evidence that there was a difference between the value she expected and the value she received.   She also asserts that she believed she had "an ownership interest in an asset which would one day have a net worth of several hundreds of thousands, if not millions of dollars, and produce a steady income stream . . . ."   Thus, according to Garcia, there is more than a scintilla of evidence to support a damage award.   We disagree.

There is nothing in the record to support Garcia's assertion that the apartment complex will be worth hundreds of thousands or millions of dollars some day.   The record contains no evidence regarding the current market value of the apartment complex, the current mortgage indebtedness, or the equity that Lucero or the putative partnership has in the complex.   Nor does the record contain any evidence regarding the income stream that Garcia expected for her retirement. Likewise, there is no evidence of the value of Garcia's services.   Garcia made no attempt to quantify her damages in the trial court.   Therefore, she failed to raise a fact issue on this element. *Cf. Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 279 (Tex. 1994)(holding that damages for lost profits must be proven with reasonable certainty); *Hoss v. Alardin*, 338 S.W.3d 635, 654 (Tex.App.--Dallas 2011, no pet.)(upholding summary judgment on breach of contract claim where there was no evidence of the amount of net profits).   Issue Thirteen is overruled.   Because evidence of damages is essential to recover for breach of contract, the trial court did not err by granting a no-evidence summary judgment on this claim, and we need

7

not consider Garcia's remaining appellate issues concerning this claim.

### *Promissory Estoppel*

The supplemental petition raises a claim for promissory estoppel. The second motion for summary judgment asserts that Garcia cannot recover for promissory estoppel because there is no evidence of a legally enforceable promise, that Garcia substantially and detrimentally relied on a promise, or that any reliance was foreseeable. The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to her detriment. *See Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 769 (Tex.App.--El Paso 2004, no pet.).

Garcia argues that the second summary judgment motion does not address the promissory estoppel theory asserted in her supplemental petition. Therefore, she contends in Issue Fifteen that the second summary judgment did not dispose of her promissory estoppel claim, meaning that there is no final judgment. Alternatively, she contends in Issue Sixteen that if the second summary judgment disposed of her promissory estoppel claim, the judgment is erroneous because the motion mischaracterized her claim.

Garcia points to the following language in her supplemental petition: "The acts and omissions of the defendant form the basis [of] promissory estoppel in favor of the plaintiff, because the defendant promised that the apartments were the property of both plaintiff and defendant." The second summary judgment motion states that Garcia has no evidence "[t]hat a legally enforceable promise had been made. Relying on a vague, indefinite promise of future income is unreasonable as a matter of law." Garcia argues that it was wrong for Lucero to characterize the promise upon which she relies as a vague, indefinite promise of future income

8

because her supplemental petition alleges that Lucero actually promised that she would immediately become a co-owner of the apartment complex if she agreed to manage it.

The second summary judgment motion unambiguously identifies Garcia's three supplemental claims, including the promissory estoppel claim, and seeks summary judgment on all of them. The prayer for relief specifically requests the court to "[g]rant summary judgment against Plaintiff on all her causes of action." The second summary judgment order granted this motion. Therefore, the second summary judgment disposed of all the claims that remained pending, and constitutes a final judgment. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001).

Moreover, the second summary judgment motion asserts that there is no evidence of a legally enforceable promise. Because a promise is the first element of a promissory estoppel claim, the motion clearly challenges an element that Garcia must prove. It is irrelevant that the motion goes on to describe Garcia's claim as a "vague, indefinite promise of future income." We also note that the supplemental petition is not the model of clarity that Garcia suggests it to be. It alleges that the parties agreed to use the apartment complex as "an investment . . . to generate income in the future when the parties chose to retire" and that Garcia dedicated herself to managing the apartment complex "without payment . . . other than the deferred and future expectation of benefit." Given these allegations, Lucero can be excused for misunderstanding the exact nature of the promissory estoppel claim.

Issues Fifteen and Sixteen are overruled.

In Issue Seventeen, Garcia argues that she presented more than a scintilla of evidence on the promissory estoppel elements that are challenged in the second summary judgment motion:

9

(1) a promise; (2) substantial and detrimental reliance; and (3) that reliance was reasonably foreseeable by Lucero. Viewing the evidence in the light most favorable to Garcia, we agree.

Garcia's affidavit indicates that she and Lucero had a romantic relationship. According to the affidavit, Lucero asked Garcia to manage the apartment complex after telling her that they were co-owners and that the complex would be used to fund their retirement. Given the nature of the offer and their relationship, Lucero could reasonably foresee that Garcia would rely on his promise. She did rely on it, to her detriment, by managing the complex without pay and without help from Lucero for seven years. Lucero even acknowledged in his e-mail that Garcia had "100% of the apartments" and that she deserves some recompense.

Issue Seventeen is sustained.

### Detrimental Reliance

The supplemental petition asserts: "The acts and omissions of the defendant form the basis of a cause of action in detrimental reliance in favor of the plaintiff, because the defendant stated that the apartments belonged to both parties and plaintiff reasonably and substantially relied on Lucero's statements to her detriment." The second summary judgment motion asserts that detrimental reliance is merely an element of promissory estoppel, not a separate cause of action in itself. Garcia's response to the summary judgment motion relies on the same evidence to establish promissory estoppel and detrimental reliance.

In Issue Nineteen, Garcia argues that promissory estoppel and detrimental reliance are distinct causes of action, but she makes no effort to explain how they differ. She cites one case to support her position. *See Roberts v. Geosource Drilling Servs., Inc.*, 757 S.W.2d 48 (Tex.App.--Houston [1st Dist.] 1988, no writ). There, the court referred to detrimental reliance as

10

the "doctrinal sibling" of promissory estoppel. *Id.* at 50. The plaintiff had sued for, among other things, "detrimental reliance." *Id.* In apparent reliance on the nomenclature chosen by the plaintiff, the appellate court stated:

> For the doctrine of 'detrimental reliance' to be available, Roberts must show the existence of a promise 'designedly made to influence the conduct of the promisee, tacitly encouraging the conduct, which conduct, although not necessarily constituting any actual performance of the contract itself, is something that must be done by the promisee before he could begin to perform, and was a fact known to the promisor. *Wheeler v. White,* 398 S.W.2d 93, 96 (Tex.1965) [remaining citations omitted].

*Id.* The cited case, *Wheeler*, is a promissory estoppel case. *See* 398 S.W.2d at 96 (expressly using the term "promissory estoppel"). Furthermore, the *Roberts* court evaluated the plaintiff's claim under the criteria that apply to promissory estoppel. *See* 757 S.W.2d at 50.

Like the court in *Roberts*, we would not penalize a plaintiff for referring to promissory estoppel as "detrimental reliance," but, also like the *Roberts* court, we would evaluate a detrimental reliance claim under the same criteria as a promissory estoppel claim. It is not a distinct cause of action. *See Univ. of Tex. Sys. v. Courtney,* 946 S.W.2d 464, 468 (Tex.App.--Fort Worth 1997, writ denied)(holding that detrimental reliance is not a separate *tort* cause of action and suggesting that it is "equivalent to contractual promissory estoppel").

Garcia argues that Lucero used the wrong procedural vehicle to assert that detrimental reliance is not a distinct cause of action. She believes that this issue should have been raised in a traditional motion for summary judgment rather than a no-evidence motion. Courts are split as to whether a purely legal issue can ever be raised in a no-evidence motion. *See Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 357 S.W.3d 661, 675-76 (Tex.App.--Houston [1st Dist.] 2011, no pet.)(Keyes, J., dissenting from denial of en banc rehearing)(discussing the conflicting

11

cases); *see also Bailey v. Gulf States Util. Co.*, 27 S.W.3d 713, 715-16 (Tex.App.--Beaumont 2000, pet. denied)(affirming no-evidence summary judgment on ground that "oppressive conduct" is not a separate cause of action, without addressing whether no-evidence motion was appropriate vehicle). Under the circumstances of this case, we see no point in reversing the summary judgment merely to remand for further proceedings on a non-existent claim.[2]

Issue Nineteen is overruled.

## CONCLUSION

The first summary judgment order is reversed. The second summary judgment order is reversed with respect to the promissory estoppel claim, but affirmed with respect to the breach of contract and detrimental reliance claims. The cause is remanded to the trial court for further proceedings.

March 28, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

---

[2] There may be circumstances in which it would not be appropriate to raise a legal issue in a no-evidence motion. We confine our holding here to the facts before us.