# NO. 12-12-00238-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONYA JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *FEDERAL NATIONAL MORTGAGE*<br>*ASSOCIATION and BANK OF AMERICA*<br>*HOME LOANS SERVICING, L.P.,*<br>*APPELLEES* | § | *TRINITY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Tonya Johnson appeals a summary judgment rendered in favor of Bank of America Home Loans Servicing, L.P. (BOA) in her suit against BOA and Federal National Mortgage Association (FNMA) to have the foreclosure sale of her home set aside. In one issue, Johnson argues that, because she raised a fact question, the trial court erred in granting BOA's motion for summary judgment. We affirm.

## BACKGROUND

Johnson purchased a home with a loan from FNMA. BOA serviced the loan, and Johnson made her payments to BOA. When Johnson fell behind on her payments, BOA sent Johnson several notice to cure letters. Johnson made payments, but she never completely addressed the shortfall. She also requested a loan modification. However, she never received a modification to her loan, and eventually Johnson's loan was placed in foreclosure.

Johnson sued FNMA and BOA for wrongful foreclosure, breach of contract, conversion, fraud, and breach of the covenant of good faith. FNMA filed a no evidence motion for summary judgment. BOA filed a no evidence and traditional motion for summary judgment. Johnson

responded, arguing that genuine issues of material fact existed on each of her claims. To demonstrate those fact issues, she referenced her pleadings and a personal affidavit. The trial court granted FNMA's motion for summary judgment in its entirety, ordering that Johnson take nothing from FNMA, but granted BOA's motion only on Johnson's claim of wrongful foreclosure.[1]

BOA then filed its second motion for summary judgment on Johnson's remaining claims for breach of contract, conversion, fraud, and breach of good faith. From our review of the record, it does not appear as though Johnson filed a new response to BOA's second motion. Instead, Johnson relied on her previous response to BOA's first motion for summary judgment. Johnson also filed an amended petition after BOA filed its second motion for summary judgment. In Johnson's amended petition, she added a claim for what she now terms "detrimental reliance or estoppel" and alleged "in the alternative [Johnson] would show she relied to [sic] detriment on the actions of [BOA]. Said reliance was justified and caused [Johnson] to suffer damages. . . ."

The trial court granted BOA's second motion for summary judgment, and ordered that Johnson take nothing on her claims for breach of contract, conversion, fraud, and breach of good faith. This appeal followed.

## JURISDICTION

We must independently determine whether we have jurisdiction over an appeal, even if, as here, no party contests jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id*. A summary judgment that fails to dispose of all claims can be final only if that intent is unequivocally expressed in the words of the order. *Id*. at 200. Although the judgment does not specifically address Johnson's claim of detrimental reliance or estoppel, it includes unequivocal language that indicates finality by stating, "This judgment is final and disposes of all claims and parties and is appealable." Thus,

---

[1] The trial court neither granted nor denied BOA's motion as to Johnson's other claims.

2

the judgment is final, and we have jurisdiction over this appeal.  *See In re Burlington Coat Factory Whse. of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding).

S<small>UMMARY</small> J<small>UDGMENT</small>

In her sole issue, Johnson asserts that the trial court erred in granting summary judgment in BOA's favor because she presented a genuine issue of material fact regarding detrimental reliance or estoppel.[2]

**Standard of Review**

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  T<small>EX</small>. R. C<small>IV</small>. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  When the movant seeks summary judgment on a claim on which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense.  *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).  All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* T<small>EX</small>. C<small>IV</small>. P. 166a(c).

Summary judgments may be granted only upon grounds expressly asserted in the summary judgment motion.  T<small>EX</small>. R. C<small>IV</small>. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).  When a nonmovant amends her petition to add a cause of action after the

---

[2] We note that, although Johnson names FNMA as an appellee, she fails in her appellate brief to clearly argue that the trial court erred in its ruling that FNMA is entitled to judgment as a matter of law.  Johnson's affidavit referenced in her brief does not mention any allegations regarding FNMA.  Further, Johnson's notice of appeal states that the judgment appealed from is dated April 2, 2012.  In that order, the trial court granted summary judgment for BOA.  Thus, we construe Johnson's appeal as complaining solely of the trial court's decision to grant summary judgment in favor of BOA on her claim of detrimental reliance or estoppel.

3

filing of a motion for summary judgment, as a general rule, a movant may not be granted judgment as to the entire case because the new cause of action was not addressed in the summary judgment motion. *Coterill-Jenkins v. Tex. Med. Ass'n Health Care Liab. Claim Trust*, 383 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). However, the movant is still entitled to summary judgment if (1) the amended petition essentially reiterates previously pleaded causes of action, (2) a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or (3) the original motion is broad enough to encompass the newly asserted claims. *Id*.

**Discussion**

Johnson's appeal complains solely of the trial court's decision to grant summary judgment to BOA on Johnson's claim of detrimental reliance or estoppel. To analyze Johnson's complaint, we address whether detrimental reliance or estoppel is a cause of action.

Texas follows a "fair notice" standard for pleading in which we examine whether the opposing party can ascertain from the pleading the basic nature of the controversy. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition that provides adequate and fair notice of a claim satisfies the rule even when the draftsman names it improperly. *Id*. at 897.

Promissory estoppel is a cause of action recognized in Texas that requires detrimental reliance on the part of the promisee. *See Garcia v. Lucero*, 366 S.W.3d 275, 280 (Tex. App.—El Paso 2012, no pet.). The elements of promissory estoppel are (1) a promise, (2) foreseeability of reliance thereon, and (3) substantial reliance by the promisee to her detriment. *Id*. A claim for promissory estoppel has occasionally been misidentified as a detrimental reliance claim. *Id*. at 281. When misidentified in that manner, the detrimental reliance claim is evaluated under the same criteria as a promissory estoppel claim. *Id*.

In her amended petition, Johnson misidentified a promissory estoppel claim as a detrimental reliance claim. However, her claim specifically stated "in the alternative [Johnson] would show she relied to [sic] detriment on the actions of [BOA]. Said reliance was justified and caused [Johnson] to suffer damages. . . ." Johnson's amended petition provided BOA with notice that Johnson was asserting a promissory estoppel claim against it. Therefore, we agree with Johnson that when she amended her petition she asserted a new claim that was not addressed in BOA's second motion for summary judgment.

4

The general rule is that BOA is not entitled to judgment as a matter of law as to the newly pleaded cause of action when it is not addressed in the motion for summary judgment. *See Coterill-Jenkins*, 383 S.W.3d at 592. However, we must consider if an exception to the general rule applies.

Johnson's claim of promissory estoppel is based on BOA's alleged promise not to foreclose on her property. She claimed that she justifiably relied on this promise and had no notice that BOA would foreclose on her property. However, BOA's first motion for summary judgment established as a matter of law that BOA properly provided notice of the foreclosure to Johnson, thereby disposing of the wrongful foreclosure claim. Thus, Johnson's amended petition simply reiterated a previously pleaded cause of action. *See id*. Further, whether it is called wrongful foreclosure or promissory estoppel, BOA established entitlement to judgment on the claim as a matter of law. Because an exception to the general rule applies, the trial court properly granted BOA's second motion for summary judgment even though Johnson's amended petition added a claim. We overrule Johnson's sole issue.


## DISPOSITION

Having overruled Johnson's sole issue, we ***affirm*** the judgment of the trial court.


BRIAN HOYLE
Justice


Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00238-CV**

**TONYA JOHNSON,**

Appellant

V.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
**and BANK OF AMERICA HOME LOANS SERVICING, L.P.,**

Appellees

Appeal from the 411th Judicial District Court

of Trinity County, Texas. (Tr.Ct.No. CV-20608)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **TONYA JOHNSON**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*