# NO. 12-18-00344-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS OILFIELD SERVICES, LLC/CROSS-APPELLEE, APPELLANT* | § | *APPEAL FROM THE 97TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ALBERT CLARK/CROSS-APPELLANT, APPELLEE* | § | *MONTAGUE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Thomas Oilfield Services, L.L.C. (TOS) appeals the judgment in favor of Albert Clark. In eight issues, it challenges the sufficiency of the evidence supporting the judgment. In a single issue on cross appeal, Clark urges the trial court erred in denying his claim for attorney's fees. We reverse and render.

### BACKGROUND

Clark was employed by TOS in May 2015. His duties included overseeing TOS's production operations crews. Clark claims that he suffered heat stroke while working for TOS in July 2015, which lead to the onset of seizures. Clark contacted an attorney to pursue filing a workers' compensation incident report. Shortly thereafter, according to Clark, TOS terminated his employment.

Clark sued TOS for (1) breaching his employment contract, and (2) violating the Texas Labor Code by retaliating against him for retaining counsel to pursue a workers' compensation claim. Clark later moved for summary judgment, claiming entitlement to judgment as a matter of law on both his breach of contract and retaliatory discharge claims. TOS responded to the motion. Clark filed a reply to TOS's response and objected to TOS's summary judgment evidence.

Following a hearing, the trial court sustained Clark's objections to TOS's evidence and granted summary judgment for Clark. TOS appealed to this Court and we held that the summary judgment was improper and fact issues existed on both Clark's breach of contract and retaliatory discharge claims.[1] Accordingly, we reversed and remanded to the trial court.

On remand, Clark amended his petition to include a claim for promissory estoppel. TOS filed a motion for summary judgment, which the trial court granted in part. The trial court ordered that Clark could not recover attorney's fees with respect to his breach of contract and promissory estoppel claims.

Subsequently, following presentation of evidence during a jury trial, TOS moved for a directed verdict on all of Clark's claims. The trial court granted TOS's motion with respect to the malice portion of Clark's retaliatory discharge claim. The remaining claims were submitted to the jury. The jury found that (1) no employment contract existed between Clark and TOS, and (2) TOS did not retaliate against Clark for filing a worker's compensation claim or hiring an attorney. However, the jury found in favor of Clark on his promissory estoppel claim and awarded $81,425.43 in damages to Clark.

The trial court entered judgment in accordance with the jury's verdict. TOS filed a motion to disregard the jury's findings on the promissory estoppel claims. Following a hearing, the trial court denied the motion but reduced the amount of prejudgment interest. This appeal and cross appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In its eight issues, TOS challenges the legal sufficiency of the evidence supporting the jury's verdict and the trial court's judgment. The first and second issues contend the evidence is legally insufficient to support the damages award for promissory estoppel. Issues three, four, five, six, seven, and eight urge the evidence is legally insufficient to support the elements of promissory estoppel. Because they are dispositive, we address issues one and two first.

## Standard of Review

A party who challenges the legal sufficiency of the evidence to support an issue upon which it did not have the burden of proof at trial must demonstrate on appeal that there is no

---

[1] *Thomas Oilfield Servs, L.L.C.. v. Clark*, No. 12-16-00207-CV, 2017 WL 2265683 (Tex. App.—Tyler May 24, 2017, no pet.) (mem. op.).

evidence to support the adverse finding. ***G.D. Holdings, Inc. v. H.D.H. Land & Timber, L.P.***, 407 S.W.3d 856, 860 (Tex. App.—Tyler 2013, no pet.). When reviewing a no evidence issue, we determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. ***City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we must credit favorable evidence if a reasonable finder of fact could and disregard contrary evidence unless a reasonable finder of fact could not. ***Id.*** If there is any evidence of probative force to support the finding, i.e., more than a scintilla, we will overrule the issue. ***Haggar Clothing Co. v. Hernandez***, 164 S.W.3d 386, 388 (Tex. 2005).

**Applicable Law**

Promissory estoppel is a cause of action recognized in Texas that requires detrimental reliance on the part of the promisee. *See* ***Garcia v. Lucero,*** 366 S.W.3d 275, 280 (Tex. App.—El Paso 2012, no pet.). The elements of promissory estoppel are (1) a promise, (2) foreseeability of reliance thereon, and (3) substantial reliance by the promisee to his detriment. ***Id.***

In an action for promissory estoppel, the plaintiff can recover only reliance damages. *See* ***Sun Oil Co. (Del.) v. Madeley***, 626 S.W.2d 726, 734 (Tex. 1981); ***Wheeler v. White***, 398 S.W.2d 93, 97 (Tex. 1965). The plaintiff is limited to the damages required to restore him to his former position. ***Fretz Constr. Co. v. S. Nat'l Bank of Houston***, 626 S.W.2d 478, 483 (Tex. 1981); ***Range v. Calvary Christian Fellowship***, 530 S.W.3d 818, 831 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Reliance damages are similar to out-of-pocket damages and reimburse a plaintiff for expenditures made in reliance on the promise. ***Sharifi v. Steen Auto., LLC***, 370 S.W.3d 126, 149 (Tex. App.—Dallas 2012, no pet.); ***Mistletoe Express Serv. of Okla. City, Okla. v. Locke***, 762 S.W.2d 637, 638-39 (Tex. App.—Texarkana 1988, no pet.).

**Analysis**

TOS contends the evidence is legally insufficient to support the jury's damages award on Clark's promissory estoppel claim because the evidence demonstrates that Clark had no out-of-pocket expenditures and, as a result, no reliance damages.

The evidence introduced at trial is undisputed. At trial, Clark urged that he relied on TOS's alleged promise of employment when he quit his job with an annual salary of $150,000. He testified as follows:

> Q: All right. So let's go down to the employment record at the bottom. This is where you tell who you were working for, correct?

A: Yes, sir.
Q: And it says reason for leaving: POS, correct?
A: Yes, sir.
Q: You could have put anything you wanted to write down there, correct?
A: Yes, sir.
Q: And you didn't write that you were leaving because of a promise of employment by TOS, did you?
A: No, sir.
Q: Okay. And you wrote -- and you chose to write that down because you were leaving Tank One because it was a POS, correct?
A: Yes.
Q: Okay. Now, you left in May of 2015, correct?
A: Correct.
Q: And you immediately went to work for TOS?
A: Yes, sir.
Q: Did you spend any money out of your own pocket in conjunction with your move from Tank One to TOS?
A: No, sir, I don't believe so. I don't understand the question.
Q: So was there any money that you spent moving from Tank One to TOS out of your own pocket?
A: No, sir.
Q: No out-of-pocket expenditures in the move?
A: No, sir.
Q: You didn't have to buy uniforms or anything?
A: I never received uniforms.
Q: Okay. So there was no money spent by you in reliance on the promise – you're [sic] alleged promise of employment by TOS, correct?
A: Correct.

No evidence of any expenditures made by Clark in reliance on TOS's employment offer was offered or admitted into evidence.

Nevertheless, Clark urges that an award of the salary he abandoned by quitting his job and beginning employment with TOS constitutes reliance damages. According to Clark, reliance damages encompass such "foregone opportunities" and an award of reliance damages is the only way to restore him to the position he would have been in had he not relied on TOS's promise. However, none of the cases cited by Clark mention any such "foregone opportunity" or support his argument; to the contrary, legal authority makes clear that reliance damages are intended to compensate a plaintiff for out-of-pocket expenditures made in reliance on a promise. *See Quigley v. Bennett*, 227 S.W.3d 51, 56 (Tex. 2007) ("American law has traditionally recognized three damage measures for breach of contract: expectancy, reliance, and restitution. Expectancy damages award the benefit of a plaintiff's bargain; reliance damages compensate for the plaintiff's out-of-pocket expenditures; restitution damages restore what the plaintiff has conferred on the defendant."); *Bechtel Corp. v. CITGO Prods. Pipeline Co.*, 271 S.W.3d 898, 926 (Tex. App.—Austin 2008, no pet.) ("Reliance damages, similar to out-of-pocket recovery, reimburse one for

4

expenditures made toward the execution of the contract in order to restore the status quo before the contract."); ***Frost Crushed Stone Co., Inc. v. Odell Geer Const. Co., Inc.***, 110 S.W.3d 41, 47 (Tex. App.—Waco 2002, no pet.). We decline to expand the definition of reliance damages to encompass damages for foregone opportunities.

As set forth above, the evidence at trial showed, and the jury found, that Clark chose to leave his prior job to accept at-will employment at TOS. The evidence, particularly Clark's own testimony, further demonstrated that Clark had no out-of-pocket expenditures in making that employment change. Clark admitted that no such expenditures existed and did not offer any evidence of such expenditures. Again, no evidence of reliance damages was introduced at trial. Accordingly, the evidence at trial would not enable reasonable and fair-minded people to reach a conclusion that Clark is entitled to reliance damages. *See **Wilson***, 168 S.W.3d at 827. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is legally insufficient to support the jury's award of reliance damages. *See **id.*** at 824. Because the jury's award of reliance damages is not supported by legally sufficient evidence, we sustain TOS's first and second issues and need not address TOS's remaining issues or Clark's sole cross-issue.[2] *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained TOS's first and second issues, we ***reverse*** the judgment of the trial court and ***render*** a take nothing judgment in favor of TOS.

**BRIAN HOYLE**
Justice

Opinion delivered July 10, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] In his cross-appeal, Clark urges that the trial court erred in granting summary judgment and barring him from recovering attorney's fees. Because we hold that Clark cannot recover on his promissory estoppel claim, he is no longer a prevailing party and we need not address this issue. *See* TEX. R. APP. P. 47.1; TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015); ***Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.***, 154 S.W.3d 634, 636 (Tex. App.—Houston [14th Dist.] 2004, pet. abated) ("Section 38.001's most basic requirement is that the party seeking attorney's fees must first prevail on a valid contract claim.").



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 10, 2019**

**NO. 12-18-00344-CV**

**THOMAS OILFIELD SERVICES, LLC/CROSS-APPELLEE,**
Appellant/Cross-Appellee
V.
**ALBERT CLARK/CROSS-APPELLANT,**
Appellee/Cross-Appellant

Appeal from the 97th District Court

of Montague County, Texas (Tr.Ct.No. 2015-0316M-CV)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the trial court should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of Appellee/Cross-Appellant, **ALBERT CLARK**, be, and the same is, hereby **reversed** and a take nothing judgment in favor of Appellant/Cross-Appellee, **THOMAS OILFIELD SERVICES, LLC** is **rendered**. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee/Cross-Appellant, **ALBERT CLARK**, for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*